The deposition offered in evidence was taken not at the precise day mentioned in the notice, but on the next day, upon an adjournment; and it is objected that a deposition cannot be taken at an adjourned day, for then the commissioners by adjourning for weeks or months might compel the party noticed to remain on expenses, or abandon his cross-examination, and it is urged that if the commissioner may adjourn once, he may oftener, and so adjourn whenever the party noticed should appear to join in the examination. The cases stated would not be allowed. Here, however, the adjournment is to the next day, no time intervening; and that cannot produce (243) the mischiefs apprehended.
The deposition was read, and it proved a note dated at Charleston, and the endorsement thereof to the plaintiff.
Counsel for defendant objected that there are but two ways of declaring on this note in the name of the assignee: the one stating it to be a South Carolina note, and that by the laws of South Carolina it was negotiable by assignment, and that it was assigned; the other not mentioning that it was a note drawn in South Carolina. In the latter case it would be assignable by the laws of North Carolina, and should upon the production appear to be a note not drawn out of this State. Here the note proved was drawn in South Carolina, and so *Page 226 
appears to be on the fact of it. It should not be given in evidence, because variant from the declaration. If declared on as a note drawn in South Carolina, then the allegation that it is assignable by the law of South Carolina is a material one, and should be proved. Here it is not proved, and plaintiff, therefore, should not be permitted to recover.
After this objection, plaintiff gave evidence of a promise to pay to Rutledge, the assignee, the amount of the principal debt.